Case 5:26-cv-00438-JSM-PRL    Document 1-1    Filed 06/17/26    Page 1 of 20 PageID 4

35-2026-CC-002515-AXXX-01

# IN THE COUNTY COURT OF THE 5TH JUDICIAL CIRCUIT
## IN AND FOR LAKE COUNTY, FLORIDA

Case No.

ZERRA IVERY,

     Plaintiff,

v.

EXPERIAN INFORMATION SOLUTIONS INC,

     Defendant.

_____/

## COMPLAINT

Plaintiff Zerra Ivery ("Plaintiff") sues Experian Information Solutions Inc ("Defendant" or "Experian") for violations of the Fair Credit Reporting Act ("FCRA").

## JURISDICTION AND VENUE

1. This Court has subject matter jurisdiction over Plaintiff and Defendant (collectively, the "Parties"), because the cause of action arises within the jurisdiction of this Court and, thus, venue and jurisdiction are proper.

2. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Lake County, Florida.

3. This Court has subject matter jurisdiction pursuant to Florida Rule of Civil Procedure 1.220 and Fla. Stat. § 26.012(2). The amount in controversy is greater than $30,000.00 exclusive of costs, interest, and attorneys' fees, and is otherwise within this Court's jurisdiction.

4. Venue of this action is proper in this Court because, pursuant to Fla. Stat. § 47.011, *et seq.*, the cause of action alleged below arose in Lake County Florida.

FILED: LAKE COUNTY, GARY J. COONEY, CLERK, 03/03/2026 04:02:35 PM

## PARTIES

5.      Plaintiff is a natural person, and a citizen of the State of Florida, residing in Lake County, Florida.

6.      Experian is a/an Ohio corporation with its principal place of business located in Costa Mesa, California.

## DEMAND FOR JURY TRIAL

7.      Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## ALLEGATIONS

8.      Experian is engaged in the business of credit reporting and is commonly referred to as a "Credit Bureau."

9.      Experian regularly obtains and analyzes financial information about consumers and compiles the information into "credit reports," which it provides to third parties.

10.      Experian is a "consumer reporting agency" as defined by § 1681a(f) of the FCRA and compiles the information into "credit reports," which it provides to third parties.

11.      This action is the result of Experian's multiple failures to comply with the FCRA, whereby Experian [1] failed to conduct reasonable investigation regarding information disputed by Plaintiff; [2] failed to consider all relevant information submitted by Plaintiff; [3] failed to delete inaccurate or incomplete information; [4] failed to report information identified by Plaintiff as disputed; [5] failed establish or follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff; [6] failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes; and [7] failed to provide a complete or accurate disclosure of Plaintiff's file.

12.     On or about March-2025, and September 15, 2025, Plaintiff requested a complete disclosure of Plaintiff's file from Experian.

13.     Plaintiff sought copies a complete disclosure of Plaintiff's file from Experian in anticipation of seeking new unsecured lines of credit, refinancing secured loans, and seeking better insurance rates.

14.     On or about March-2025, and September 15, 2025, Experian provided an incomplete disclosure of Plaintiff file.

15.     The incomplete disclosure provided by Experian on or about March-2025 and September 15, 2025, omitted full account numbers, positive payment histories, dates, status, and the identity of prior and current creditors, even though the omitted information was provided to Experian by the furnisher of each account.

16.     The information omitted from the disclosure provided by Experian on or about March-2025 and September-2025 was contained within Experian's file regarding Plaintiff at the time of the request.

17.     Plaintiff's credit report contains false, incomplete, and inaccurate information, of which includes, but is not limited to, a Credit Collection account regarding Castel Key, a Midland account regarding Credit One Bank, a Credit Collection account regarding Progressive, a Credit Collection account regarding The General, a Portfolio Recovery account regarding Credit One Bank, a Portfolio Recovery account regarding Capital One Bank, and a National Credit Adjusters account regarding Republic Bank (collectively, the "Subject Information").

18.     Experian's reporting of the Subject Information lacked essential identifying and contextual information, including, *inter alia,* the true date the account was opened, the date it was closed, the account number, payment history, and other details necessary to accuracy and

completeness, the absence of which weighted negatively on Plaintiff's creditworthiness and prevented Plaintiff from fully accessing the legitimacy of the Subject Information.

19. The incomplete reporting of the Subject Information materially hindered Plaintiff's ability to determine whether the alleged associated debts were valid, collectible, time-barred, or otherwise enforceable.

20. The Credit Collection account regarding Castel Key is inaccurate and incomplete with respect to the amount, history, payments, activity, dates, limits, durations, delinquencies, status, type, and responsibility. The reporting of this account further causes Plaintiff to appear responsible for a debt which Plaintiff is not and otherwise causes Plaintiff to appear delinquent more recently than accurate.

21. The Midland account regarding Credit One Bank is inaccurate and incomplete with respect to the amount, history, payments, activity, dates, limits, durations, delinquencies, status, type, and responsibility. The reporting of this account additionally causes Plaintiff to appear delinquent more recently than accurate.

22. The Credit Collection account regarding Progressive is inaccurate and incomplete with respect to the amount, history, payments, activity, dates, limits, durations, delinquencies, status, type, and responsibility. The reporting of this account further causes Plaintiff to appear responsible for a debt which Plaintiff is not and otherwise causes Plaintiff to appear delinquent more recently than accurate.

23. The Credit Collection account regarding The General is inaccurate and incomplete with respect to the amount, history, payments, activity, dates, limits, durations, delinquencies, status, type, and responsibility. The reporting of this account further causes Plaintiff to appear

responsible for a debt which Plaintiff is not and otherwise causes Plaintiff to appear delinquent more recently than accurate.

24.    The Portfolio Recovery account regarding Credit One Bank is inaccurate and incomplete with respect to the amount, history, payments, activity, dates, limits, durations, delinquencies, status, type, and responsibility. The reporting of this account additionally causes Plaintiff to appear delinquent more recently than accurate.

25.    The Portfolio Recovery account regarding Capital One Bank is inaccurate and incomplete with respect to the amount, history, payments, activity, dates, limits, durations, delinquencies, status, type, and responsibility. The reporting of this account additionally causes Plaintiff to appear delinquent more recently than accurate.

26.    The National Credit Adjusters account regarding Republic Bank is inaccurate and incomplete with respect to the amount, history, payments, activity, dates, limits, durations, delinquencies, status, type, and responsibility. The reporting of this account additionally causes Plaintiff to appear delinquent more recently than accurate.

27.    The Subject Information is inaccurate and incomplete.

28.    On or about May 20, 2025, Plaintiff notified Experian in writing that the Subject Information was false, inaccurate, and incomplete (the "Dispute").

29.    As part of the Dispute, Plaintiff requested a copy of Plaintiff's credit report from Experian.

30.    As part of the Dispute, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

31.    By and through the Dispute, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's credit report.

32. Experian received the Dispute and transmitted it to each entity that furnished information disputed by Plaintiff.

33. Despite receiving the Dispute, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

34. Despite receiving the Dispute, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

35. Despite receiving the Dispute, Experian continued to report the Subject Information inaccurately.

36. Despite receiving the Dispute, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

37. Despite receiving the Dispute, Experian failed to notify Plaintiff that it deemed the Dispute irrelevant and/or frivolous.

38. The incomplete and inaccurate reporting of the Subject Information prevented Plaintiff from demonstrating positive account history, such as payment history and dates of activity, that weigh in favor of Plaintiff's creditworthiness.

39. The incomplete and inaccurate reporting of the Subject Information caused Plaintiff to be evaluated less favorably by prospective creditors and materially diminished Plaintiff's creditworthiness.

40. As a result of Experian's failure to take appropriate action in response to the Dispute, Plaintiff forwent opportunities which weighed on Plaintiff's creditworthiness, such as obtaining an insurance quote, because Experian continued to report the Subject Information in an incomplete and inaccurate fashion.

41.    As a result of Experian's failure to take appropriate action in response to the Dispute, Plaintiff was required to expend additional time preparing and sending another written dispute to Experian.

42.    On or about July 2, 2025, Plaintiff continued to notify Experian in writing that false, inaccurate, and incomplete information remained on Plaintiff's credit report.

43.    On or about July 2, 2025, Plaintiff notified Experian in writing that the Subject Information was false, inaccurate, and incomplete.

44.    The written correspondence Plaintiff sent to Experian on July 2, 2025, contained a brief statement setting forth the nature of the dispute.

45.    As part of the written dispute Plaintiff sent to Experian on July 2, 2025, Plaintiff requested a copy of Plaintiff's credit report from Experian.

46.    Plaintiff required a full and complete copy of Plaintiff's credit report from Experian so to ensure, among other things, the information about Plaintiff, as maintained by Experian, was appropriately accurate and complete.

47.    Plaintiff requested a copy of Plaintiff's credit report directly from Experian in writing because obtaining a copy directly from Experian online required Plaintiff to create an account and agree to undesignable terms and conditions, and requesting a copy from Experian over the phone lacked desired privacy.

48.    As part of the written dispute Plaintiff sent to Experian on July 2, 2025, Plaintiff included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

49.    By and through the written dispute Plaintiff sent to Experian on July 2, 2025, Plaintiff provided Experian with proper identification and sufficiently requested a copy of Plaintiff's credit report.

50.     Experian received the dispute sent by Plaintiff on or about July 2, 2025, and transmitted such to each entity that furnished information disputed by Plaintiff.

51.     Despite receiving the dispute sent by Plaintiff on or about July 2, 2025, Experian failed to include of statement of dispute in Plaintiff's credit file.

52.     Despite receiving the dispute sent by Plaintiff on or about July 2, 2025, Experian failed to conduct any investigation into the accuracy of Plaintiff's credit report.

53.     Despite receiving the dispute sent by Plaintiff on or about July 2, 2025, Experian continued to report incomplete and inaccurate information disputed by Plaintiff.

54.     Despite receiving the dispute sent by Plaintiff on or about July 2, 2025, Experian continued to report the Subject Information inaccurately.

55.     Despite receiving the dispute sent by Plaintiff on or about July 2, 2025, Experian failed to provide Plaintiff with a copy of Plaintiff's credit report.

56.     Despite receiving the dispute sent by Plaintiff on or about July 2, 2025, Experian failed to notify Plaintiff that it deemed the dispute irrelevant and/or frivolous.

57.     Continuing to report Plaintiff's information inaccurately is significant. By continuing to report Plaintiff's information inaccurately, lenders believe Plaintiff has had a recent, major delinquency, of which negatively reflects on a consumer's credit worthiness by impacting their credit score negatively.

58.     Credit scoring algorithms take Plaintiff's account status into consideration when generating a credit score and showing this incorrect account status would cause a lower credit score to be generated.

59.     Experian failed to conduct a reasonable investigation into Plaintiff's disputes.

60.   Experian failed to review and consider all relevant information submitted by Plaintiff.

61.   Experian failed to conduct an independent investigation and, instead, deferred to underlying furnishers of the Subject Information despite the information Plaintiff provided to it (Experian).

62.   Experian did not conduct any independent investigation after it (Experian) received Plaintiff's disputes and, instead, chose to parrot the information it (Experian) received from the underlying furnishers despite being in possession of evidence that the information was inaccurate and otherwise incomplete.

63.   Experian possessed evidence that the information was inaccurate and otherwise incomplete as described by Plaintiff; however, Experian failed to correct the information.

64.   Experian's reporting of inaccurate information, despite evidence that said information is inaccurate, evidence Experian's failure to establish or follow reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit reports and file.

65.   Without any explanation or reason, Experian continues to report this false, inaccurate, or otherwise incomplete information about Plaintiff.

66.   Plaintiff has suffered damages as a result of the incorrect reporting and Experian's failure to correct the credit report pertaining to Plaintiff.

### COUNT 1
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681e(b)

67.   Plaintiff incorporates by reference ¶¶ 8-66 of this Complaint.

68.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681e(b) by failing to establish or follow reasonable

procedures to assure maximum possible accuracy in the preparation of the credit reports and credit files published and maintained concerning Plaintiff.

69. Experian failed to establish or follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit reports and credit files when reinvestigating Plaintiff's disputes of the information contained in Plaintiff's credit report.

70. Experian further violated 15 U.S.C. § 1681e(b) by continuing to report inaccurate, false, or incomplete information about Plaintiff, including the Subject Information, despite possessing evidence that such information was inaccurate.

71. Experian further violated 15 U.S.C. § 1681e(b) by failing to note in Plaintiff's credit report that Plaintiff disputed the accuracy of the Subject Information.

72. Experian's procedures were *per se* deficient by reason of these failures in ensuring maximum possible accuracy of Plaintiff's credit reports and credit files.

73. Experian willfully and/or recklessly failed to comply with 15 U.S.C. §1681e(b) by: [a] failing to follow reasonable procedures to assure the maximum possible accuracy of the information reported; [b] failing to correct erroneous personal information regarding Plaintiff after a reasonable request by Plaintiff; [c] failing to remove and/or correct the inaccuracy and derogatory credit information after a reasonable request by Plaintiff; [d] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [e] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [f] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [g] failing to promptly delete information that was found to be inaccurate, or could not be verified; and [h] failing to take adequate steps to verify information

Experian had reason to believe was inaccurate before including it in the credit report of the consumer.

74.     In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681e(b) by failing to exercise reasonable care in the above-described actions, including failing to establish or follow reasonable procedures to assure maximum possible accuracy and failing to correct or delete inaccurate information after receiving Plaintiff's disputes.

75.     The appearance of the accounts on Plaintiff's credit report, namely, the information identified by Plaintiff in Plaintiff's disputes to Experian, was the direct and proximate result of Experian's willful and/or reckless, or alternatively negligent, failure to maintain reasonable procedures to assure the maximum possible accuracy of Plaintiff's credit report in violation of the 15 U.S.C. § 1681e(b).

76.     The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

77.     In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

78.     Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

79.     As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

80.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

## COUNT 2
## WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT VIOLATION OF 15 U.S.C. § 1681i

81.    Plaintiff incorporates by reference ¶¶ 8-66 of this Complaint.

82.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(1)(A) by failing to conduct a reasonable reinvestigation with respect to the disputed information.

83.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(4) by failing to review and consider all relevant information submitted by the Plaintiff with respect to the disputed information.

84.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(a)(5) by failing to delete the inaccurate information.

85.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(b) by failing to record in Plaintiff's credit file the dispute statement contained in the correspondence sent to Experian on or about July 2, 2025.

86.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to report information identified by Plaintiff as "disputed."

87.     On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681i(c) by failing to include Plaintiff's dispute statement with, or otherwise alongside, the information disputed by Plaintiff about July 2, 2025.

88.     Experian further violated 15 U.S.C. § 1681i by failing to promptly delete information that was found to be inaccurate or could not be verified.

89.     Experian further violated 15 U.S.C. § 1681i by failing to take adequate steps to verify information Experian had reason to believe was inaccurate before including it in Plaintiff's credit report.

90.     Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681i by: [a] failing to conduct a reasonable reinvestigation of disputed information; [b] failing to review and consider all relevant information submitted by Plaintiff; [c] failing to delete inaccurate or unverifiable information; [d] failing to note in the credit report that Plaintiff disputed the accuracy of the information; [e] failing to promptly and adequately investigate information which Experian had notice was inaccurate; [f] continually placing inaccurate information into the credit report of Plaintiff after being advised by Plaintiff that the information was inaccurate; [g] failing to promptly delete information that was found to be inaccurate or could not be verified; [h] failing to take adequate steps to verify information Experian had reason to believe was inaccurate; [i] failing to record Plaintiff's dispute statement in Plaintiff's credit file; [j] failing to include Plaintiff's dispute statement with, or alongside, the information disputed by Plaintiff.

91.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681i by failing to exercise reasonable care in the above-described actions, including failing to conduct a reasonable reinvestigation, failing to review relevant information, failing to record information identified by Plaintiff as disputed, failing to properly include Plaintiff's dispute statement in Plaintiff's credit report, and failing to delete or correct inaccurate information after receiving Plaintiff's disputes.

92.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

93.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

94.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

95.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial.

96.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2);

[4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 3**
**WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT**
**VIOLATION OF 15 U.S.C. § 1681g(a)**

97.   Plaintiff incorporates by reference ¶¶ 8-66 of this Complaint.

98.   On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a) by failing to provide Plaintiff with a copy of Plaintiff's credit report, despite Plaintiff's multiple requests accompanied by proper identification, of which included a copy of Plaintiff's driver's license, full social security number, and a utility bill.

99.   Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

100.   In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

101.   The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

102.   In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

103.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

104.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

105.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C. § 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

### COUNT 4
### WILFUL AND, IN THE ALTERNATIVE, NEGLIGENT
### VIOLATION OF 15 U.S.C. § 1681g(a)

106.    Plaintiff incorporates by reference ¶¶ 8-66 of this Complaint.

107.    On at least one occasion within the past two years, by example only and without limitation, Experian violated 15 U.S.C. § 1681g(a)(1) by failing to clearly and accurately disclose to Plaintiff all of the information in Experian's file at the time of Plaintiff's request.

108.    When Experian produces and sells reports regarding Plaintiff to third parties, the full account numbers of the tradelines are included in its reports, demonstrating its ability to comply with the duty of full disclosure imposed by 15 U.S.C. § 1681g(a)(1).

109.    Complete account numbers are necessary for a consumer to research and evaluate the information contained therein.

110.    Experian owed a duty to Plaintiff, as obligated by 15 U.S.C. § 1681(a)(1), to disclose all the information in Plaintiff's file at the time of Plaintiff's request, of which includes full and complete account numbers.

111.    Experian willful, or alternatively negligent, failure to provide full and complete account numbers thwarted Plaintiff's ability to properly scrutinize and evaluate the information contained in Plaintiff's credit report.

112.    Due to widespread systemic failures, Experian's automated system omits complete account numbers reported by data furnishers. Experian is aware of such widespread systemic failures, the resulting breach of duty, and the negative consequences it has on the consumer, yet continues the unlawful practice.

113.    Despite the fact that the full account number was disclosed to Experian by the underlying furnisher and was otherwise part of Plaintiff's file at the time of Plaintiff's request on March-2025 and September 15, 2025, Experian failed to disclose the full account number of the Credit Collection account, the National Credit Adjustors account, the Portfolio Recovery account, and the Midland account to Plaintiff.

114.    Experian 15 U.S.C. § 1681(a)(1) by failing to provide the complete account numbers, as such information is necessary for a consumer to research and evaluate the information contained therein.

115.    Having a duty to disclose all of the information regarding the accounts in the Plaintiff's file, Experian breached its duty by failing to provide the complete account numbers, as

such information is necessary for a consumer to be able to research and evaluate the information contained therein.

116.    Experian willfully and/or recklessly failed to comply with 15 U.S.C. § 1681g(a) by repeatedly refusing to provide Plaintiff's complete disclosure of credit report, despite receiving sufficient identification and requests, thereby causing Plaintiff to waste time and incur postage costs in making repeated requests.

117.    In the alternative, Experian negligently failed to comply with 15 U.S.C. § 1681g(a) by failing to exercise reasonable care in processing Plaintiff's requests for a credit report and failing to provide the report as required.

118.    The conduct, action, and inaction of Experian was willful, rendering Experian liable for actual, statutory, and punitive damages, in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681n.

119.    In the alternative, the conduct, action, and inaction of Experian was negligent, rendering Experian liable for actual damages in an amount to be determined by a judge and/or jury pursuant to 15 U.S.C. § 1681o.

120.    Plaintiff is entitled to recover reasonable attorney's fees and costs from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

121.    As a result of the conduct, action, and inaction of Experian, Plaintiff suffered damage by loss of credit, loss of ability to purchase and benefit from credit, emotional distress, and the mental and emotional pain, anguish, humiliation, and embarrassment of credit denial, as well as the expenditure of time and postage costs in making repeated requests for the credit report.

122.    WHEREFORE, Plaintiff respectfully requests this Court to enter a judgment against Experian, awarding Plaintiff the following relief: [1] actual damages pursuant to 15 U.S.C.

§ 1681o(a)(1) or § 1681n(a)(1); [2] statutory damages pursuant to 15 U.S.C. § 1681n(a)(1)(A); [3] punitive damages, after reasonable showing by evidence in the record or proffered by Plaintiff which would provide a reasonable basis for recovery of such, pursuant to 15 U.S.C. §1681n(a)(2); [4] costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1681n(a)(3) and § 1681o(a)(2); and [5] any other relief that this Court deems appropriate under the circumstances.

**COUNT 5**
**DECLARATORY RELIEF**

123.     Plaintiff incorporates by reference ¶¶ 8-66 of this Complaint.

124.     "In order to invoke jurisdiction under the Declaratory Judgment Act, the complaint must show that there is a bona fide, actual, present and practical need for the declaration; that the declaration will deal with present, ascertained or ascertainable state of facts, or present controversy as to a state of facts; that some immunity, power, privilege or right is dependent upon facts or law applicable to facts; that there is some person or persons who have, or reasonably may have, an actual, present, adverse and antagonistic interest in the subject matter, either in fact or law; that the antagonistic and adverse interests are all before the court; and that the relief sought is not merely the giving of legal advice by the courts or the answers to questions propounded from curiosity." Connelly v. Old Bridge Vill. Co-Op, Inc., 915 So. 2d 652, 655 (Fla. 2nd DCA. 2005)

125.     Broad interpretation is to be given to the Declaratory Judgment Act Olive v. Maas, 811 So. 2d 644 (Fla. 2002). *Citing* Merle Wood & Assocs. v. Intervest-Quay Ltd. P'ship, 877 So. 2d 942, 943 (Fla. Dist. Ct. App. 2004).

126.     A bona fide controversy exists regarding whether Experian is complying with its duties under the FCRA.

127.    Plaintiff seeks a judicial declaration that Experian must: (a) Disclose the complete contents of Plaintiff's consumer file; (b) Include Plaintiff's dispute statement; and (c) Refrain from suppressing or withholding furnished information.

128.    **WHEREFORE**, Plaintiff requests declaratory relief as set forth above and such further relief as the Court deems just and proper.

DATED: March 3, 2026

Respectfully Submitted,

 /s/ Thomas Patti                                        .
**THOMAS PATTI, ESQ.**
Florida Bar No. 118377
E-mail:    Tom@pzlg.legal
**VICTOR ZABALETA, ESQ.**
Florida Bar No. 118517
E-mail:    Victor@pzlg.legal
PATTI ZABALETA LAW GROUP
110 SE 6th Street, 17th Floor
Fort Lauderdale, Florida 33301
Phone:      561-542-8550

*COUNSEL FOR PLAINTIFF*